JOHNSON, Judge.
This is an appeal from a final judgment notwithstanding verdict entered in favor of the plaintiff below, appellee herein, as to the issue of liability only.
The facts are: the plaintiff had stopped his car at a red stop light on a street in Jacksonville, Florida, and was in the driving lane nearest the curb. The defendant was in the inside or “fast” driving lane on the same street and going the same direction. When she approached the stop signal, in some manner, her car did not stop but ran into the back of plaintiff’s car, causing the property and physical damage complained of. The defendant contended at the trial that as she approached the stop light she applied her brakes which for some reason did not catch, but that as she got up to the plaintiff’s automobile, the brakes seemed to grab and the front end of her car jumped over into the lane in which the plaintiff’s car was stopped and hit the plaintiff’s car.
A motion for directed verdict as to liability only, was made by the plaintiff at the close of the testimony, which was denied. The jury brought in a verdict in favor of the defendant. The plaintiff made a motion for a new trial and in the alternative, a motion for judgment notwithstanding the verdict, as to liability.
The trial court denied the motion for a new trial but granted the motion for judgment notwithstanding the verdict in favor of the plaintiff as to liability only and provided that a jury trial on the issue of damages only would be set upon appropriate application by either party. This is the order appealed from.
The court, in granting the motion of plaintiff for judgment notwithstanding the verdict, pointed out the lack of any credible evidence upon which a jury could have based a verdict in favor of the defendant. After reading the record of the testimony taken at the trial and as offered in response to interrogatories, we agree with the trial court. It appears unreasonable for the accident to have happened as the defendant claimed. A jury’s decision must have a rational predicate in the evidence and the evidence must show a reasonable natural sequence of events based on fact from which liability could be inferred.[1]
We find no error in the post trial proceedings in this case and therefore Affirm the judgment from which this appeal is taken.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Iranter v. Wible, 191 So.2d 595 (Fla.App. 4th, 1966).