SPECTOR, Chief Judge.
Appellants, defendants below, seek reversal of a judgment entered pursuant to a jury verdict for appellees, plaintiffs below. The action arose out of an automobile accident experienced by the appellees.
A single point is raised by appellants for reversal, viz: whether there was any evidence from which the jury could conclude that negligence on the part of the defendants, or either of them, caused or contributed to causing the collision. The complaint filed by the plaintiffs alleged, inter alia, that the defendant, Arthur Jenkins, d/b/a Jenkins Trucking, Incorporated, owned a motor vehicle which was negligently operated or maintained by the defendant Madden so that it collided with the plaintiffs’ motor vehicle at the alleged time and place.
Appellants’ contention on this appeal is that there was no evidence whatever adduced at the trial showing that the vehicle which collided with that of plaintiffs was driven by defendant Madden or owned by defendant Jenkins or his corporation; and, therefore, their motion for directed verdict should have been granted. Our meticulous examination of the transcript of evidence requires us to agree with appellants. No evidence appears in the record that Madden was driving the errant vehicle nor that the same was owned by Jenkins or his corporation. Moreover, there was no evidence as to which vehicle collided with the one in which plaintiffs were riding. As in Manganelli v. Covington, 114 So.2d 320 (Fla.App.1959), “We have carefully reviewed the testimony in this cause and are unable to find wherein there is evidence upon which the jury could have lawfully found that the defendant Covington [Madden and Jenkins here] was guilty of any acts of negligence or, for that matter, that the automobile which she [Madden here] was operating ever struck the plaintiff.”
The absence of such evidence was fatal in the case at bar. Appellants’ motion for directed verdict should have been granted.
Appellees contend that the question raised by appellants was improperly preserved because of their failure to move for directed verdict at the close of the plaintiffs’ case. In such circumstances, argue the appellees, appellants cannot attack the sufficiency of the evidence presented during the plaintiffs’ case in chief to establish all of the elements of the cause of action. We cannot agree with this contention. The record reflects that after the plaintiffs rested, defendants without adducing any evidence also rested. Immediately thereafter, defendants moved for a directed verdict. We think the motion for directed verdict by defendants was timely made and properly preserved the question for review by this court.
Appellees’ reliance upon 6551 Collins Avenue Corp. v. Millen, 97 So.2d 490 (Fla.App.1957), 104 So.2d 337 (Fla.1958), is misplaced. There the court held that appellant’s failure to interpose a motion for directed verdict at the conclusion of all of the evidence precluded appellant from exercising his right to test the legal sufficiency of the evidence to support the verdict. In the case at bar, appellants did move for directed verdict at the end of all the evidence. We perceive no significance *344 to the circumstances that defendants announced their intention not to put on any evidence before they moved for directed verdict. The significance of the decision in 6SS1 Collins Avenue Corp., supra, is that the trial court should be afforded an opportunity to make a ruling on the sufficiency of all of the evidence to take the case to the jury before that question is permitted to be raised in the appellate court. We think that appellants’ motion, made as it was immediately on the heels of plaintiffs’ case, was sufficient for that purpose.
Terminally, appellees argue that the state of the pleadings at the commencement of the trial precluded the necessity of adducing evidence showing that defendant Madden was driving the truck which hit the plaintiffs’ car. This contention raises the sufficiency and extent of the denial made by defendants’ answer to the critical paragraph of the complaint which alleged the facts upon which the defendants’ liability necessarily rested.
Paragraph three of the complaint alleged the following:
“3. That on or about June 30, 1967, the defendant, Arthur Jenkins, d/b/a Jenkins Trucking, Incorporated, owned a motor vehicle; that at said time and place defendant, William Clifford Madden, negligently operated or maintained the motor vehicle of the defendant, Arthur Jenkins, d/b/a Jenkins Trucking, Incorporated, at State Road #10 one mile east of Holt, Okaloosa County, Florida, so that it collided with the motor vehicle of Plaintiff, C. W. Gorum, in which plaintiff, Jane B. Gorum, was a passenger.”
Defendants’ answer to that paragraph was as follows:
“(3) Denied. Defendant alleges that the vehicle driven by William Clifford Madden was owned by Jenkins Trucking, Inc., a corporation.”
Appellees contend that defendants’ response had the effect of admitting all of plaintiffs’ allegations in paragraph three, excepting only the allegation of ownership of the vehicle involved. We cannot read such admissions into defendants’ answer. The single word “denied” was sufficient under our practice to deny the allegations of paragraph three of the complaint. That defendants asserted by their answer that the vehicle driven by Madden was owned by Jenkins Trucking, Inc., a corporation, rather than by Arthur Jenkins, d/b/a Jenkins Trucking Corporation, as alleged in the complaint, can hardly be construed as an admission that said vehicle collided with the motor vehicle of the plaintiff, much less that it was negligently operated or maintained.
The judgment reviewed herein is reversed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.