277 So.2d 61 (1973)
Forrest YAEGER, Appellant,
v.
Frank D. TOLIN d/b/a Frank D. Tolin Construction Company, Appellee.
No. 72-750.
District Court of Appeal of Florida, Third District.
April 24, 1973.
Rehearing Denied May 22, 1973.
Beckham & McAliley, Horton, Schwartz & Perse, Miami, for appellant.
Blackwell, Walker & Gray and James E. Tribble, Miami, and Mark Hicks, Coral Gables, for appellee.
Before HENDRY and HAVERFIELD, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
Plaintiff-appellant appeals from a motion for judgment in accord with directed verdict entered by the lower court in favor of defendant-appellee, Frank D. Tolin d/b/a Tolin Construction Company.
*62 Pursuant to a standard form A.I.A. construction contract, appellee Frank Tolin built a plant and warehouse for Lora Realty, Inc. About a year after completion of the building, plaintiff-appellant, Forrest Yaeger, foreman of a roof repair crew, while bending over the periphery of the warehouse roof, leaned against an outside electrical fixture for support. The fixture collapsed and the plaintiff fell to the ground and suffered serious injuries. He filed a negligence action against appellee Tolin and others. The jury rendered a verdict against appellee Frank D. Tolin d/b/a Frank D. Tolin Construction Company and defendant Ben Benson d/b/a Scott Electric Company. However, the trial court thereafter entered a motion for judgment in accord with directed verdict for the appellee, Frank Tolin.
Appellant basically contends that Tolin, the prime contractor, was negligent in not inspecting the electrical work performed on the building. The cause of the failure of the light fixture in question appeared to be that the bolts fastening it to the building were too short and they did not, therefore, penetrate sufficiently the concrete in the building. The record reflects that the plaster veneer at this particular area was thicker than on other parts of the building. Thus, there remains the question whether an inspection would have failed to reveal that either the bolts were too short or the plaster too thick. More important, a further search of the record disclosed that appellee's contract was amended and the installation of the light fixtures was deleted from the contract. Thus, under these circumstances there was no showing he had a duty to inspect the installation of the subject fixture. It follows that liability for negligence on the part of Tolin thereby is precluded. See 23 Fla.Jur. Negligence § 9 (1959).
Nevertheless, we have reviewed all the testimony and proper inferences from the testimony in light most favorable to plaintiff the verdict winner,[1] and conclude that he has failed to sustain his burden in showing a duty on the part of appellee to inspect.
Accordingly, the judgment herein appealed must be and hereby is affirmed.
Affirmed.
NOTES
[1] See Krasny v. Richter, Fla.App. 1968, 211 So.2d 612; Tranter v. Wible, Fla.App. 1966, 191 So.2d 595.