ANSTEAD, Judge.
This is an appeal from a judgment denying a complaint for reformation of a deed filed by the appellants, Colbert M. Chisolm and Elizabeth K. Chisolm. We remand for reconsideration.
The Chisolms took title to a parcel of property in 1974 from Jack and Martha Merrell. The Merrells had received title to the property by conveyances in 1965 and 1968 from Edward and Vivian Mapp. The Chisolms’ complaint alleged that a 15-foot *698 strip of land had been omitted from the 1968 deed of the Mapps to the Merrells by mutual mistake.
The Merrells purchased two adjacent parcels of property from the Mapps, one in 1965 and another in 1968. The mutual mistake claimed to have occurred in 1968 creates a 15-foot strip down the middle of the total property conveyed to the Merrells by the Mapps. Mr. Mapp died in 1969. The only witness as to the 1968 transaction was Mr. Merrell, and his testimony as to Mr. Mapp’s actions and statements indicated that the 15-foot strip was omitted by mutual mistake. The heirs of the deceased, Mrs. Mapp and her son, Robert, the appellees, were not aware of the 15-foot strip until receipt of a tax bill in 1972.
The trial court declined to consider Mr. Merrell’s testimony on the Mapps’ objection that it constituted hearsay. We believe the testimony was admissible against the Mapps under the admissions exception to the hearsay rule:
Thus, whenever a party claims under, or in the interest or right of another, the declarations of such other person pertaining to the subject of the claim are admissible against him. * * * 20 Am.Jur., Evidence, § 593.[1]
On appeal the Mapps also claim that Mer-rell’s testimony should be excluded under the Dead Man’s Statute.[2] However, even if this was a proper objection, it has clearly been waived by the failure to assert the statute at trial. Accordingly the final judgment is hereby reversed; and the cause is remanded for reconsideration by the trial court, giving due consideration to the testimony of Jack Merrell.
CROSS, J., concurs.
LETTS, J., dissenting.

. Vineberg v. Hardison, 108 So.2d 922, at 927 (Fla,3d DCA 1959). Also see Taylor v. Cory, 53 So.2d 820 (Fla.1951); Daggett v. Willey, 6 Fla. 482 (1855); Ritter v. Brengle, 185 So.2d 7 (Fla.2d DCA 1966).

. Section 90.05, Florida Statutes (1975).