KEHOE, Judge.
Appellant, Downtown Development Authority, one of the defendants below, brings this appeal from a final judgment dated July 1, 1976, rendered against it for money damages in favor of appellee, the plaintiff below. Appellant’s two primary points on appeal are (1) that the action was barred by the statute of limitations, and (2) that ap- *457 pellee failed to prove negligence on the part of appellant. Predicated upon our conclusion that appellant’s second point is correct, although its first point is without merit, the final judgment appealed is reversed.
Appellee brought an action against appellant and others alleging, among other things, that appellant negligently and improperly maintained a sidewalk area near 127 West Flagler Street, Dade County, Florida, so as to cause appellee to trip and fall, resulting in personal injuries to her. The cause proceeded to a jury trial against appellant and one other defendant. The jury returned a verdict against appellant for $20,000 and a verdict in favor of the other defendant. From the ensuing final judgment entered by the trial court incorporating the verdict, appellant brings this appeal.
Appellant contends (1) that the 12 month statute of limitations on actions for personal injuries against cities set forth in Section 95.24, Florida Statutes (1973), barred appel-lee’s action, and (2) that the trial court erred in entering a final judgment in favor of appellee because appellee failed to prove negligence on the part of appellant.
In regard to appellant’s first point on appeal, we are of the opinion that appel-lee’s action against appellant was not barred by Section 95.24, Florida Statutes (1973). That Section, by its terms, is applicable only to cities or villages. The record in this case clearly shows that appellant Downtown Development Authority is an autonomous body separate and distinct from the City of Miami through which it claims status under Section 95.24. Although appellant’s functional relationship to the City of Miami is a close one, this relationship does not confer the status of a “city” or “village,” as those terms are used in Section 95.24, on appellant. Accordingly, the period of limitation set forth in Section 95.24 is not applicable to appellant and this point on appeal is without merit.
In regard to appellant’s second point on appeal, we are of the opinion that appel-lee failed to show appellant had any duty to maintain or repair the sidewalk area which allegedly caused appellee’s injuries. In the absence of the proof of such a duty, an essential element of a cause of action for negligence, appellee’s cause of action against appellant must fail. See, e. g., Modlin v. City of Miami Beach, 201 So.2d 70 (Fla.1967); and Yaeger v. Tolin, 277 So.2d 61 (Fla. 3d DCA 1973). The record shows, as appellant contends, that the evidence was insufficient to show the requisite element of a duty on the part of appellant to appellee. This conclusion is reached only after a careful consideration of all the evidence in its most favorable aspect to appellee. See, e. g., Manufacturers Nat. Bank v. Canmont Internat’l, Inc., 322 So.2d 565 (Fla. 3d DCA 1975); Madden v. Gorum, 250 So.2d 342 (Fla. 1st DCA 1971); and Food Fair Stores of Florida, Inc. v. Sommer, 111 So.2d 743 (Fla. 3d DCA 1959).
For the reasons set forth above, the final money judgment appealed is reversed.
Reversed.