407 So.2d 936 (1981)
John G. PARRY, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. 81-474.
District Court of Appeal of Florida, Fifth District.
December 2, 1981.
Rehearing Denied January 7, 1982.
*937 Walter A. Ketcham, Jr. of Walker, Buckmaster, Miller & Ketcham, P.A., Orlando, for appellant.
H.A. Rigdon, Jr., Orlando, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a judgment for the insurance company in a suit by the insured to require the insurance company to pay for a theft loss of a boat. The appellant urges, and we agree, that the trial court erred in refusing to direct a verdict for appellant.
Appellant left his boat and trailer at an automobile service station to display it and offer it for sale. The boat was secured by a lock in some manner and appellant told his insurance agent he had it for sale at the service station. Appellant was the only person who had a key to the lock which secured the boat. The appellant had sold other property from this service station location and the insurance agent gave his consent to place the boat there for sale.
One morning appellant drove into the station to buy gas for his car and was told by the attendant that the boat was missing. Appellant appeared "upset and distraught" and waited for about one hour and a half for the owner of the station to come to work. When the station owner came it was determined the boat must have been stolen so the police were called and an insurance claim was made.
The insurance claim was denied on the basis that the company felt the appellant was responsible for the theft of the boat. The appellee presented evidence that appellant bought a new boat shortly before this subject boat was stolen and that he intended to use the proceeds of the sale of his old boat to pay the ninety-day note he owed for money borrowed to purchase the new boat. Appellee also offered evidence that appellant had in the past submitted an "altered" bill to another insurance company regarding a lightning loss claim. Appellant denied it was an altered bill and it was established that the insurance company paid a portion of that claim but not all of it. As one of the points on appeal, appellant urges that the allowing of the evidence regarding this other claim was error. However, appellant failed to object to this evidence so the error, if it was error, was not preserved for our determination. The fact that appellant made a motion in limine and a general objection before the testimony is not sufficient to preserve the error for review. The specific question must be objected to when asked at trial or the error is waived. Swan v. Florida Farm Bureau Insurance, 404 So.2d 802 (Fla. 5th DCA 1981).
As to the legal sufficiency of the evidence to permit the case to go to the jury, we must conclude it was abundantly clear that appellant had suffered the loss by theft as claimed and there was no evidence appellant procured or caused the theft as was contended by the appellee. Although appellee attempted by inference to prove appellant's complicity by pointing to the previous contested lightning loss claim, and even though it established the fact that appellant was indebted for a new boat purchased before the loss of the old boat, and it established the fact that appellant waited an hour and a half after the boat was discovered missing, these are hardly proof of appellant having stolen his own boat. Taking these inferences either separately or together they do not amount to competent substantial legal evidence to prove appellee's asserted defense.
We have examined the evidence in a light most favorable to appellee and in accordance with the standard for review by appellate courts in making such a review. We must conclude from that examination that there was no rational predicate for the jury's verdict and the trial judge should have directed a verdict for the appellant when requested. Thompson v. Jacobs, 314 So.2d 797 *938 (Fla. 1st DCA 1975); Dixson v. Kattel, 311 So.2d 827 (Fla. 3d DCA 1975); Clements v. Plummer, 250 So.2d 287 (Fla. 1st DCA 1971); Corum v. Warren, 200 So.2d 829 (Fla. 1st DCA 1967).
REVERSED for entry of judgment for appellant.
ORFINGER and COWART, JJ., concur.