PER CURIAM.
The final judgment under review is reversed and the cause is remanded to the trial court for further proceedings as to the claim that the agreement to arbitrate herein was null and void because the appellants’ consent to said agreement was induced through oral misrepresentations. We are convinced that genuine issues of material fact are presented on this record solely as to the above claim which was erroneously resolved below by the entry of a partial summary judgment adverse to the appellants. See e.g., Holl v. Talcott, 191 So.2d 40 (Fla.1966); Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769, 771 (1927); Held v. Trafford Realty Co., 414 So.2d 631 (Fla. 5th DCA 1982).
We are unpersuaded by the central argument of the appellees that the arbitration rules supplied to the appellant Murray Sil-vern sufficiently contradicted the alleged oral misrepresentations [that both lawyers and laymen served on the subject arbitration panel] so that, as a matter of law, no reliance could be placed on said misrepresentations by the appellants. These rules state that the subject arbitration panel shall consist of members of the Dade County Bar Association without also stating that only lawyers are members of this association; in addition, the rules provide elsewhere that the arbitration shall “involve” “at least one attorney,” leaving it somewhat uncertain as to whether laymen could also serve on the subject arbitration panel. The rules therefore do not sufficiently put one on reasonable notice that laymen do not serve on the arbitration panel herein so that, as a matter of law, no reliance could be placed on contrary misrepresentations. Triable issues of fact are presented by the misrepresentation claim in the petition to vacate the arbitration award. Compare Potakar v. Hurtak, 82 So.2d 502, 503-04 (Fla.1955).
In all other respects, however, no error has been demonstrated on this record. In particular, we reject the appellants’ contention that the arbitration award is null and void because of a lack of proper notice to the said appellants concerning the arbitration hearing. See e.g., Parry v. Nationwide Mutual Fire Insurance Co., 407 So.2d 936 (Fla. 5th DCA 1981). We are also unconvinced that reversible error was committed below with reference to the impeachment at trial of the appellant Murray Sil-vern. See e.g., State v. Grooms, 389 So.2d 313 (Fla. 2d DCA 1980); Lockwood v. State, 107 So.2d 770 (Fla. 2d DCA 1958), cert. denied, 111 So.2d 41 (Fla.1959).
Affirmed in part; reversed in part and remanded.