467 So.2d 1056 (1985)
Kenneth O'BRIEN and Allstate Insurance Co., Appellants,
v.
Jesus ORTIZ and Julia Ortiz, Appellees.
No. 84-194.
District Court of Appeal of Florida, Third District.
April 23, 1985.
*1057 Hoppe & Backmeyer and Thomas Backmeyer, Miami, for appellants.
Richard A. Sherman, Alldredge & Gray, Miami, for appellees.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
Appellants seek review of a final judgment for the plaintiffs. The judgment was entered by the trial court pursuant to a jury verdict in a negligence action which arose out of a motor vehicle accident. The appellant urges three points for reversal, first, error in denying the pretrial motion in limine, second, error in permitting evidence from an accident report filed pursuant to Chapter 316 of the Florida Statutes (1981) to be admitted as to the identity of the driver, and third, error in permitting evidence of medical bills as defined in PIP coverage.
As to the first, any error in the ruling on the pretrial motion in limine was not preserved when no objection to the evidence (which was the subject matter of the motion in limine) was made, during the trial when the evidence was tendered. Parry v. Nationwide Mutual Fire Insurance Company, 407 So.2d 936 (Fla. 5th DCA 1981); Swan v. Florida Farm Bureau Insurance Company, 404 So.2d 802 (Fla. 5th DCA 1981). Second, there is an exception to the privilege and confidentiality of an accident report, filed pursuant to Chapter 316 of the Florida Statutes (1981), when the identity of the driver is an issue. See Section 316.066(4), Florida Statutes (1981). As to the third point, we find under the present scheme of Florida no-fault insurance code that it was error to permit evidence of the medical costs which are within the PIP definitions. See Section 627.739(1), Florida Statutes (1981).
Therefore, for the reasons stated above, we affirm the final judgment on the jury's verdict, except that we direct the trial court to enter a remittitur for the defendants in the amount of the medical costs, and if not accepted by the plaintiffs, order a new trial.
Reversed and remanded with directions.
BARKDULL and BASKIN, JJ., concur.
DANIEL S. PEARSON, J., concurs in result only.