495 So.2d 842 (1986)
Joel FREDERICSON, Personal Representative of the Estate of Emil Fredericson, Deceased, Clare Rabe, Individually, and Jonathan Rabe and Ismailia Rashid, As the Co-Guardians of the Property of Sara Fox, Incompetent, Composing the General Partnership, Known As Suniland Shopping Plaza, a General Partnership, Appellants,
v.
Martin LEVINSON and Martin Levinson, P.A., Appellees.
Nos. 85-2797, 86-188.
District Court of Appeal of Florida, Third District.
October 7, 1986.
*843 Noel J. Feinberg, North Miami, Barrett & Rogers, Miami, for appellants.
Walton & Garrick, Miami, for appellees.
Before BARKDULL, HENDRY and HUBBART, JJ.
PER CURIAM.
This is an appeal by the personal representative of an estate and other members of a general partnership of which the deceased was a member from an adverse final judgment entered after a jury trial. The action below was brought by the said personal representative and partners against a tenant of the partnership for various forms of relief relating to a lease entered into between the respective parties. Two points are raised on appeal relating to (1) the admission of testimony by the defendant tenant concerning a transaction between the said tenant and the deceased partner, and (2) the denial of the plaintiffs' motion for judgment as to a count in the complaint which sought to strike a provision in the lease for alleged lack of consideration and for alleged unconscionability. We cannot agree with either point and affirm.
First, no reversible error is shown on the point involving the above admission of testimony because the plaintiff personal representative has failed to preserve this issue for appellate review. The said plaintiff did not object to the disputed testimony when it was offered in evidence before the jury, and did not otherwise renew his prior motion in limine, which had previously been denied, when the disputed testimony was presented to the jury. See O'Brien v. Ortiz, 467 So.2d 1056, 1057 (Fla. 3d DCA 1985); Parry v. Nationwide Mutual Fire Insurance Co., 407 So.2d 936, 936 (Fla. 5th DCA 1981); Swan v. Florida Farm Bureau Insurance Co., 404 So.2d 802, 803-04 (Fla. 5th DCA 1981). Moreover, the point urged does not present a fundamental error. See Marks v. Delcastillo, 386 So.2d 1259, 1267 (Fla. 3d DCA 1980), pet. for review denied, 397 So.2d 778 (Fla. 1981); Chisolm v. Mapp, 347 So.2d 697, 698 (Fla. 3d DCA 1977); Ross v. Florida Sun Life Insurance Co., 124 So.2d 892, 895-98 (Fla. 2d DCA 1960).
Second, there was competent, substantial evidence adduced below which established that (a) the subject provision was in the lease at the time it was signed by the parties, (b) the lease was amply supported by consideration, and (c) the said provision was in no sense unconscionable. See Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735, 737-38 (Fla. 3d DCA 1982); Carnell v. Carnell, 398 So.2d 503, 506 (Fla. 5th DCA), pet. for review denied, 407 So.2d 1102 (Fla. 1981); Venice East, Inc. v. Manno, 186 So.2d 71, *844 75 (Fla. 2d DCA), cert. denied, 192 So.2d 490 (Fla. 1966).
Affirmed.