## STATE OF FLORIDA v ZAYAS
## Case No. 88-11508
Thirteenth Judicial Circuit, Hillsborough County

April 12, 1989

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

The State appeals from the trial court's orders granting motions to suppress defendant's breath results and to suppress the defendant's admission that he was the driver of the vehicle. The Appellee, Jesus Zayas, filed a motion to dismiss the appeal of both orders. The

undersigned court grants the motion to dismiss the appeal of the order suppressing breath results and denies the motion to dismiss the appeal of the order suppressing the defendant's admission that he was the driver of the vehicle.

Florida Rule of Appellate Procedure 9.140(c)(1) lists the appeals permitted by the state. Pre-trial orders suppressing breath or blood alcohol results are not among those appeals. The Second District Court of Appeal in *State v Townsend,* 479 So.2d 306 (Fla. 2d DCA 1985) held that an order granting a motion in limine suppressing the results of a blood alcohol test does not fall within Rule 9.140(c)(1)(b) as one which is appealable since it was neither a pre-trial confession or admission nor evidence obtained by search and seizure.

A reviewing court can treat an appeal as a petition for a writ of common law certiorari, *State v Wilson,* 466 So.2d 1152 (Fla. 2d DCA 1985) if the trial court has departed from the essential requirements of law or if the lower tribunal acted in excess of its jurisdiction. The undersigned court chooses not to treat the appeal of the suppression of breath results as such a petition since from the record on appeal the undersigned cannot say the trial court's ruling constituted a departure from the essential requirements of law. Therefore, a motion to dismiss the appeal of the suppression of breath results is granted.

The order suppressing the admission of the defendant that he was driving the vehicle is appealable under Rule 9.140(c)(1)(b). Therefore, the motion dismissing the appeal of that order is denied. The Supreme Court in *Brackin v Boles,* 452 So.2d 540 (Fla. 1984) clarified that all statements of a driver involved in an accident and which a driver is compelled to make are privileged. The only exception is outlined in Florida Statute 316.066(4) as the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. The Supreme Court in *Combs v State,* 436 So.2d 1056 (Fla. 1983) and the Third District Court of Appeal in *O'Brien v Ortiz,* 467 So.2d 1056 (Fla. 3d DCA 1985) both held that there is an exception to the privilege and confidentiality of an accident report and that is when the identity of the driver is an issue. The trial court improperly suppressed the Defendant's admission to an officer that he was driving. The lower court incorrectly assumed that there was other evidence that the defendant was driving when that evidence was not presented to the trial court.

The order granting the motion to suppress the Defendant's admis-

sion to the investigating officer that he was the driver of the vehicle is reversed and the case remanded for further proceedings by the trial court.

DONE and ORDERED in Hillsborough County, Florida this 12th day of April, 1989.