ALLEN P. STEELE v. MIAMI TRANSIT COMPANY, a Florida corporation, and ELLA MAE STEELE, as Administratrix of the Estate of Raymond A. Steele, deceased, v. MIAMI TRANSIT COMPANY, a Florida corporation.

34 So. (2nd) 530                                        January Term, 1948.
March 19, 1948                                              Division A
Rehearing denied April 14, 1948

*W. C. Kemp* and *Cushman & Woodard,* for appellant.
*Worley, Gautier & Cannon,* for appellee.

SEBRING, J.:

Raymond A. Steele, a minor seventeen years of age, was fatally injured while riding in an automobile which came into collision with a motor bus being driven by an employee of Miami Transit Company. Allen P. Steele, the father of the deceased, brought suit against the Transit Company to recover damages for loss of services and for mental pain and suffering of the parents, resulting from the negligent acts of the corporation. At the same time Ella Mae Steele, the mother of the deceased, in the capacity of personal administratrix, brought suit against the corporation to recover damages to the estate of the decedent.

After the cases were at issue on the pleadings, the defendant corporation filed a motion to consolidate the cases for trial, and an order of consolidation was entered by the trial

judge. When the cases came on for joint trial the defendant, after the jury had been sworn, withdrew its pleas and admitted liability; whereupon the cases were submitted to the jury upon the question of damages only. At the conclusion of the evidence presented on this limited issue the jury returned a verdict in favor of the father for $1,000, and a verdict in favor of the personal representative for $10,000.

A motion for new trial on the ground of the inadequacy of the verdict was filed by the father within four days and during the term at which the verdict was rendered. In the case brought by the mother as personal representative of the estate, the defendant corporation filed a motion for new trial, because of the excessiveness of the verdict. The latter motion was filed within four days *but after the expiration of the term in which the verdict was rendered.*

Subsequently, both motions for new trial were argued by counsel representing the parties. In the suit brought by the father, the court entered an order denying the motion for new trial. In the suit brought by the mother as personal representative, the court entered an order that a new trial would be had unless a remittitur of $7,000 were filed by the plaintiff within thirty days from the entry of the order.

In due course the father, Allen P. Steele, took an appeal from the judgment in the case wherein he had sued as plaintiff. At the same time the mother, Ella Mae Steele, as personal representative of the estate, entered an appeal from the order of the court granting a new trial unless a remittitur of $7,000 be entered by the plaintiff. Pursuant to a stipulation of the parties an order was entered by this court directing that only one transcript of record be filed and issued in both appeals, and that the appeals be consolidated for consideration and disposition by this appellate tribunal. Both appeals are now before us for decision.

It is our view that the motion for new trial filed by the father should have been granted, on the stated ground that the verdict rendered by the jury was inadequate. The statute under which the action was brought authorizes a suit by the father in the case of the death of a minor child caused by the wrongful act, negligence, carelessness or default of any cor-

poration or its employees. Damages that may be awarded in such a suit are to include not only compensation for loss of services of the deceased during his minority, but also damages for the mental pain and suffering of the parent, or parents, if either one of them survive him. Sec. 768.03 Florida Statutes, 1941.

The defendant corporation argues that the evidence shows that the deceased son was virtually a stranger to his parents, having for several years before his death been out of school and away from home in the service of the navy, and elsewhere; and that consequently the award made by the jury for the loss of his services during minority, and for the pain and suffering of the parents due to his death, was ample. We cannot follow the argument. The love of father and mother for their child cannot be measured or weighed by any tangible standards. Though the child may be ever so inclined to waywardness, he will not by reason of that fact have a smaller place in their hearts and minds than will the obedient one who is always present at the family fireside. Indeed, common experience so often proves the contrary to be the fact that the argument advanced by counsel with the respect to the proofs must be rejected as failing to point the way to any real criterion for the admeasurement of damages for mental pain and suffering in the case of the wrongful death of an infant.

While we are always loathe to disturb an order of the trial judge denying a motion for new trial, we think that in the present case the jury did not allow sufficient compensation for pain and suffering, and that consequently we have no alternative. A new trial, therefore, is hereby ordered.

The remaining question on this appeal is with respect to the verdict for $10,000 rendered in the suit brought by the personal representative against the defendant corporation. The issue is whether the trial judge had the power to enter an order granting a new trial unless the plaintiff submitted to a remittitur of $7,000, because of the excessiveness of the verdict.

Counsel for the personal representative maintains that whatever the general merits of the defendant's claim might have been with respect to the amount found by the jury the

trial judge had no authority to disturb the original verdict, even though exorbitant, for the reason that the motion for new trial, though filed by Miami Transit Company within four days after rendition of the verdict, was not filed within the term in which the verdict was rendered, nor was an order entered within the term extending the time for the filing and presentation of the motion.

Section 54.24 Florida Statutes, 1941, specifically requires that "Motions for new trial in civil cases . . . shall be made within four days after the rendition of the verdict and during the same term . . . " The purpose of the statute is to require the motion for the new trial to be made during the term at which the trial was made. Nickels v. State, 86 Fla. 208, 98 So. 497. See also Williams v. State, 18 Fla. 883; Palatka & I.R. Ry. Co. v. State, 23 Fla. 546, 3 So. 158; Citizens Bank of Williston v. Williams, 91 Fla. 589, 110 So. 252; DeSoto Holding Co. v. Boyer, 85 Fla. 517, 97 So. 205; State ex rel. Melbourne State Bank v. Wright, 107 Fla. 178, 145 So. 598.

It is apparent from the decisions cited that the order made by the trial judge, granting a new trial except upon conditions that the plaintiff remit $7,000, was entered without authority; the motion for new trial not having been filed within the term at which the trial was held, and no order having been entered within the term extending the time for filing the motion. The contention of the appellant with respect to the motion is therefore well taken.

Under the conclusions we have reached we have before us the suit of the father who is entitled on the record to a new trial because of the inadequacy of the verdict, and suit of the personal representative who is entitled to have the full amount of her judgment entered in her favor due to the fact that a motion for new trial, which otherwise might have been granted, was not filed within the time required by statute.

It was argued at the bar of this court that where two cases are consolidated for trial and tried together and thereafter, on appeal, one of the cases is reversed for new trial, a new trial should be granted in both cases, and the cases sent back and tried anew. The argument was based on the supposed applicability of our holding in Radiant Oil Co. v. Herring, 146 Fla. 154,

200 So. 376, to the facts of the case at bar. In that case it was held that where a suit by a minor child injured by a motor truck and a suit by the father of the child for the recovery of medical expenses and loss of services of the child are consolidated and tried together, and the court grants the child a new trial because of the inadequacy of the verdict in his case, the court errs in limiting the new trial to the question of damages in that case alone, since if a new trial is to be had both suits should be tried together, inasmuch as both are infected by a mutual dependence upon each other.

The rule of Radiant Oil Co. v. Herring has no application here under the facts presented. The motion for new trial interposed by the Miami Transit Company was not filed in time, and hence the trial judge was without jurisdiction to disturb the verdict in favor of the personal representative. There was before us for review on appeal, therefore, only the judgment entered in favor of the father of the decedent, and that verdict is found to be inadequate.

It follows from the conclusions we have reached that the judgment in favor of Allen P. Steele must be reversed for a new trial; and that the order granting the new trial in the action brought by Ella Mae Steele, as administratrix of the Estate of Raymond A. Steele, deceased, must be set aside and reversed and a judgment entered in favor of the personal representative for the full amount found by the jury in its verdict.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.