JOHNSON, Judge.
• Appellants were defendants below " and appellee was plaintiff. This was an action for damages arising out of injuries sus■tained in a collision between a tractor-trailer of the defendant J. J. Kelly, Inc. arid ’an auto driven by the plaintiff. A jury trial was had and a verdict rendered for $5,000.00 in favor of the plaintiff. A motion for new trial was made by the plaintiff on the-grounds, inter alia:
“3. The verdict is contrary to the law and to the evidence.
“4. The verdict is contrary to the weight of the evidence.
“5. The damages awarded to the'plaintiff were so inadequate as to.shock: the judicial conscience, of the Court.
“6. The damages awarded by the verdict are grossly inadequate and were induced, by prejudice or passion or some misconception of the law or evidence. or by failure to consider all the elements of damage involved or the issues submitted.”
which motion was granted on the above listed grounds.and a new-trial granted the .plaintiff. The defendants appealed the order granting a new- trial. In their assignments of error the appellants contend the .trial, court erred in granting the new trial on the grounds alleged in the order, and .charged that the trial court did by entering such order, usurp-the right of the jury to determine the .extent of. the damages suffered by the plaintiff. , . ....
By designating in his order granting a new trial the grounds therefor, it indicates that the trial court did weigh the 'evidence, did - evaluate' -it and weigh the same'. Ordinarily^- neither this - court' nor any other Florida c&urt will - interfere -with the finding of fact by the jury; but, it is .well established, also, that if the verdict is contrary to the manifest' weight of the evidence and so inadequate when'applied to the evidence before the jury as to shock the judicial conscience- óf the’ cóurf, thé 'court should set aside such verdict.
In the case sub judice, it is apparent that the jury disregarded evidence or applied a misconception of the law, which appeared to the trial court to be sufficient to shock his judicial conscience. To set aside a verdict and grant a new trial, is within the sound, broad discretion of the trial judge. The trial judge was in a better position to evaluate the evidence and especially' the-credibility of the' witnesses, than this court is frbm-'a cold record. We do not find any abuse of discretion by the trial court in'the light of'law as stated by the Florida Supreme 'Court in Cloud v. Fallis, 110 So.2d 669, 673, wherein it said:
. “When a motion for new trial is made is directed' to the sound, broad discretion of the trial judge. ' Poindexter v. .Seaboard Air -Line ,R. Co.,. Fla., 5.6 So.2d 905, Mead v. Bentley, Fla., 61 So.2d 428, who because of his contract with the trial and his observation of the behavior of those upon whose testimony, the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of .the triers of fact, .the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341.”
* * * * * *
*664 “Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const Co., Fla., 58 So. 2d 698; Pyms v. Meranda, supra.”
There has been no clear showing that the trial court abused his discretion as is declared to be necessary in Cloud v. Fallís, supra.
For the reasons stated, the order appealed is affirmed.
RAWLS, C. J., and STURGIS, J., concur.