392 So.2d 11 (1980)
Sylvia MARTIN, As Personal Representative of the Estate of Robert Smith Martin, Deceased, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Public Service Car Leasing Co., Inc., a Maryland Corporation, and Hardgrove Spofford Norris, Appellees.
No. 80-146.
District Court of Appeal of Florida, Fifth District.
November 26, 1980.
Rehearing Denied December 30, 1980.
*12 Geoffrey B. Dobson, of Meredith, Dobson & Cushman, St. Augustine, for appellant.
Emory P. Cain, Jacksonville, for appellees.
DAUKSCH, Chief Judge.
This is an appeal from a judgment in a personal injury case in which a young boy was killed. The trial court allowed three errors to infect the trial and for that we must reverse the judgment and remand this case for retrial.
First, a juror was improperly impaneled over the plaintiff's challenge for cause after all preemptory challenges had been exhausted. The juror was employed at the hospital which processed the claim for insurance regarding the accident subject of this lawsuit. That juror was directly responsible for processing the claim. The claim was made against the same insurance company, a mutual company, which insured the juror. Additionally, and most seriously, the juror worked for the hospital of which the defendant doctor was the president, chief of staff, a member of the executive committee and a member of the board of directors. No matter how objective the juror might think she would be, it is unquestionable she would be less than objective about a case involving her employer, her hospital, her mutual insurance company and regarding an insurance claim she processed. Boca Teeca Corp. v. Palm Beach County, 291 So.2d 110 (Fla. 4th DCA 1974).
Second, the court allowed in evidence statements made to an investigating police officer at the scene of the accident which were made by persons allegedly involved in the accident. Sec. 316.066(4), Fla. Stat. (1979); State v. Coffey, 212 So.2d 632 (Fla. 1968); Wiggen v. Bethel Apostolic Temple, 192 So.2d 796 (Fla.3d DCA), quashed on other grounds, 200 So.2d 797 (Fla. 1967).
Third, the trial court allowed highly improper, inflammatory and patently prejudicial remarks to be made to the jury by the defense lawyer. Some of the comments were objected to and some were not. For those which were objected to, we reverse. For the others, we display them for defense counsel to reflect upon.
And I say to Mrs. Martin, I'm sorry, and you're sorry, but you have got to put away sorrow. You don't buy a boy, as you would on the market. That's not what we are talking about.
Should you also ought to be sorry also for Dr. Norris?
* * * * * *

*13 Because Dr. Norris is in a place where he's having to defend himself in a courtroom through no fault of his own because some boys got out there on a highway where they didn't belong and they got in his way, and he has to wear and bear that thought the rest of his life.
I say the doctor is a victim as well.
* * * * * *
The thing that Mrs. Martin needs is to let that boy be a happy loving memory. She should not have to think about this any more. But if you give her an award, then every time she spends those dollars, she's going to think about this case, and I submit that that's just too much for her to bear.
* * * * * *
And I tell you, if the truth means nothing, then we can accept people like Ricky Hicks and David Sikes and we can give Mrs. Martin lots of money just like we are selling beef.
I think that's what he's doing, selling beef. We can do that.
But, if the truth does mean something and if you believe, as I do, that when a witness gets on the stand and you are supposed to believe him, then you are going to have to disregard the false testimony and come to the truth yourself.
* * * * * *
But in my heart, and from what I've heard, I believe that your only just verdict can be one for the defendants.
The callousness of some of these remarks is unworthy of a member of the bar.
The judgment is reversed and this cause is remanded for a new trial.
REVERSED AND REMANDED.
COBB and SHARP, W., JJ., concur.