445 So.2d 390 (1984)
RUSSELL, INC., Appellant,
v.
Norma TRENTO, as Personal Representative of the Estate of Anthony Trento, Deceased, for the Use and Benefit of Norma Trento, As Surviving Mother of the Deceased, Appellee.
No. 82-1445.
District Court of Appeal of Florida, Third District.
February 14, 1984.
*391 Fowler, White, Burnett, Hurley, Banick & Strickroot and Henry Burnett and Michael J. Murphy and Kathleen Williams, Miami, for appellant.
Magill, Reid, Kuvin & Lewis and R. Fred Lewis, Miami, for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.

Substituted Opinion
PER CURIAM.
Russell, Inc. contests the final judgment which awarded the surviving mother, Mrs. Trento, $1,125,000. and the estate of Anthony Trento, $2,435.35.
Anthony Trento was a 13 year old boy who was electrocuted while climbing a large ficus tree whose overgrowth hid the powerlines. The tree was located on a municipal right of way and maintained by Florida Power and Light Company (F.P.L.). Mrs. Trento brought a wrongful death action against the City of Miami, Metropolitan Dade County and F.P.L., and subsequently amended the complaint to include a claim against Farrens and Russell, Inc., the tree-trimming firms under contract by F.P.L.F.P.L. and Metropolitan Dade County settled with Mrs. Trento for the respective sums of $478,000. and $3,000. Farrens was voluntarily dismissed and the City of Miami obtained a final summary judgment. The matter proceeded to trial against Russell, Inc. and the jury returned a verdict finding Russell, Inc. 100 percent liable and awarded damages. The court ordered Russell, Inc. to pay the difference between the jury award and the settlements.
Russell, Inc. urges error in the lower court's refusal to grant its motion for a mistrial based upon the improper final argument of Trento's counsel. It contends that 1) the conduct of Mrs. Trento's counsel and of Mrs. Trento herself was inappropriate and prejudicial and 2) the argument of counsel was improper in that it placed a value on human life. We agree with appellant's contentions and reverse for a new trial.
Final argument of Mrs. Trento's counsel contained fallacious statements that he had "lived with the case and represented" the plaintiff and her family for the past three years and that he had "carried the burden" of this case "for three years in representing the family."[1] The conduct of counsel continued to be inappropriate with counsel's emotional breakdown before the jury. It is apparent from the record that the emotion and anguish exhibited by counsel was not spontaneous and unthinking, but was a shrewdly calculated attempt to solicit a sympathetic response from the jury.
A further example of such planned dramatic conduct is seen in the actions of Mrs. Trento at the end of her testimony wherein she made an unsolicited emotional plea to the jury and gave a description of holding her son until his death.[2] This plea was *392 unresponsive to any questions posed by counsel and false in that Mrs. Trento did not see, much less hold, her son after the accident in question.
These sympathetic ploys used by counsel will not be condoned. The purpose of closing argument is for counsel to discuss with the jury their versions of the evidence and the reasonable inferences therefrom, in light of the issues framed by the pleadings. Remarks made solely for the purpose of evoking sympathy for the plaintiff and of such a character that neither rebuke nor retraction will destroy their prejudicial, sinister influence warrant a new trial. Eastern Steamship Lines, Inc. v. Martial, 380 So.2d 1070 (Fla. 3d DCA), cert. denied, 388 So.2d 1115 (Fla. 1980); LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla. 1978); Tampa Transit Lines, Inc. v. Corbin, 62 So.2d 10 (Fla. 1952). Because we find that the remarks made in the present case fall within this category, we reverse for a new trial.
In light of this result, we need not consider appellant's contention that counsel made inappropriate arguments to the jury as to damages; however, we do so to avoid the same error from occurring in a new trial. In addressing this contention, we note the following inappropriate and prejudicial comments contained in counsel's final argument:
"I have lived with this case and now it is your turn to go back there and live with this case. But in our society, we value life very preciously ... I have agonized over trying to put a figure to you that would be a figure that you would be satisfied with. I have been asked to do that by Mrs. Trento, when she hired me ... You six people have the ultimate say-so on what a life is worth and what Anthony's life was worth to Mrs. Trento." * * *
And, on rebuttal,
"It is interesting, I think, that [defendant's counsel] failed to suggest a figure to you, failed to give the guidance that is needed. The inference to me that he knows a life, such as Anthony's, was worth three million dollars." * * *
Parents of a deceased minor child may recover for loss of support, loss of services, and mental pain and suffering from the date of death. Section 768.21, Florida Statutes (1981). However, the value of a human life is not an element of damages and is not a proper subject for final argument. Seshadri v. Morales, 412 So.2d 39 (Fla. 3d DCA 1982); Erie Insurance Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981); Martin v. State Farm Mutual Auto. Insurance Co., 392 So.2d 11 (Fla. 5th DCA 1980).
After reviewing the record, briefs and arguments of counsel in light of the controlling principles of law, we have concluded that the remaining points on appeal are without merit. Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial as to liability and damages.
Reversed and remanded.
NOTES
[1] The retainer agreement indicated that Mrs. Trento had been a client for 16 months.
[2] having a life of yours, a son, and an only child, holding the child in your arms and feeling the life go out of your child, the death and the feeling him going cold, you cannot express the pain and you cannot express the hurt that goes through the mother's heart."