473 So.2d 297 (1985)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Luis G. CIFUENTES, Personal Representative of the Estate of Marta Cifuentes and On Behalf of Luis G. Cifuentes, Surviving Spouse, and Cecilia Cifuentes, Surviving Child, Appellees.
No. 84-2418.
District Court of Appeal of Florida, Third District.
August 6, 1985.
Robert A. Ginsburg, Co. Atty., James A. Jurkowski and Edward Z. Shafer, Asst. Co. Attys., for appellant.
Gerald E. Rosser, Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
Metropolitan Dade County appeals a final judgment entered upon an adverse jury verdict in a wrongful death action below. We find no merit in any of the points raised on appeal, save one. We agree that the trial court erred in denying Dade County's motion for new trial based on certain improper and inflammatory remarks which were made by one of the plaintiff's witnesses and by plaintiff's counsel during the trial below. We, accordingly, reverse the final judgment under review and remand the cause to the trial court for a new trial.
During the trial of this cause, the daughter of the plaintiff's decedent testified before the jury that she had moved to this country "when I heard ... that she [my mother] got killed like a dog." T.232-33. A pregnant pause of 20-30 seconds by plaintiff's counsel followed, and a defense motion for mistrial based on this remark was denied. The same witness further testified:
"I feel so sorry for everybody, and the only thing that I think is, you know, my mother when she died, I was 26 years old and my little sister, she was 13. I used to think about, if I were 13 and I knew about the death of my mother, I would kill myself."

*298 T.238-39 (emphasis added).
A defense motion for a mistrial based on this remark was also denied. Beyond that, another of the deceased's daughters cried while testifying at trial and later was winked-at by a member of the jury; the plaintiff, the deceased's husband, cried while both of his daughters were testifying; and members of the deceased's family cried in the audience at various times during the trial. It was, to say the least, a highly emotional trial involving the death of a wife and mother of a closely knit family.
With this backdrop, plaintiff's counsel gave a highly emotional final argument to the jury during which he clearly exceeded the limits of propriety. He stated:
"I don't have any thoughts on damages. I have no idea what to say. I know that it was a devastating horrible loss to these people. I know last night I did not sleep. I know that last night was probably the first time in a long time that I told my wife that I loved her. I know that I was in fear last night, not fear of dying but fear of living if someone I loved died."

T.394 (emphasis added).
A defense objection to this argument was sustained, but the trial court did not, on its own motion, rebuke counsel for this highly improper argument or declare a mistrial. The jury thereafter deliberated but forty minutes in the case and returned a verdict for the plaintiff in the amount of $1,110,000 total damages.
We think the overall impact of these aforesaid emotional outbursts at trial was so devastating that Dade County was deprived of a fair trial. The trial court should consequently have granted Dade County's post-trial motion for a new trial below. Russell, Inc. v. Trento, 445 So.2d 390 (Fla. 3d DCA 1984); accord Seaboard Air Line Railroad v. Strickland, 88 So.2d 519 (Fla. 1956); Eastern Steamship Lines, Inc. v. Martial, 380 So.2d 1070 (Fla. 3d DCA), cert. denied, 388 So.2d 1115 (Fla. 1980).
The final judgment under review is reversed and the cause is remanded for a new trial.