481 So.2d 1261 (1986)
WINSTON TOWERS 100 ASSOCIATION, INC., Appellant/Cross-Appellee,
v.
Frances DE CARLO, As Personal Representative of the Estate of Louis De Carlo, and Frances De Carlo, Individually, Appellees/Cross-Appellants.
Nos. 85-309, 85-500.
District Court of Appeal of Florida, Third District.
January 14, 1986.
Rehearing Denied February 19, 1986.
Kimbrell & Hamann and Paul A. Carlson and Roy D. Wasson, Miami, for appellant/cross-appellee.
Friedman & Miller and Robert B. Miller, North Miami Beach, for appellees/cross-appellants.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
*1262 FERGUSON, Judge.
These appeals are brought from a judgment for damages entered on a jury verdict finding defendant negligent in a personal injury action.
Plaintiff[1] was injured as a result of a closet door opening and striking him as he walked down the hall from his condominium unit at Winston Towers. In his complaint, plaintiff alleged that defendant was responsible for maintaining the hallway and closet door, as common area, in a reasonably safe condition and defendant breached that duty by failing to take reasonable measures to keep the door closed after obtaining actual knowledge that the door had a propensity to swing open. The jury's determination on the issues of duty and proximate causation is affirmed on authority of K-Mart Enterprises of Florida, Inc. v. Keller, 439 So.2d 283 (Fla.3d DCA 1983), rev. denied, 450 So.2d 487 (Fla. 1984); Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla.3d DCA 1983); Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), rev. denied, 411 So.2d 380 (Fla. 1981).
On the issue of damages, plaintiff filed a motion in limine to prohibit any reference to collateral source benefits paid to plaintiff by Medicare, citing as authority Florida Physician's Insurance Reciprocal v. Stanley, 452 So.2d 514 (Fla. 1984). The trial court granted the motion. On appeal, defendant contends that the court erred because in Stanley the Florida Supreme Court modified the collateral source rule to allow admission of evidence of the existence of governmental or charitable health care benefits.
In Stanley, the supreme court retreated from strict application of the collateral source rule, adopting instead the view of the Illinois Supreme Court in Peterson v. Lou Bachrodt Chevrolet Co., 76 Ill.2d 353, 362-63, 29 Ill.Dec. 444, 448, 392 N.E.2d 1, 5 (1979):
In a situation in which the injured party incurs no expense, obligation, or liability, we see no justification for applying the rule. We refuse to join those courts which, without consideration of the facts of each case, blindly adhere to "the collateral source rule, permitting the plaintiff to exceed compensatory limits in the interest of insuring an impact upon the defendant."
The Social Security program is funded by assessments against employers and employees. The Medicare program is funded in part by deductions from a Social Security recipient's monthly checks. Plaintiff showed that he had, during his working years, paid for the Social Security benefits which he was receiving, and that the assessment against those benefits to pay for Medicare insurance was an obligation or liability. The trial court relied on those uncontroverted facts in concluding that the collateral source rule precluded introduction of evidence that plaintiff's hospital costs were paid for in part by Medicare. We agree that hospital costs paid for by a Medicare program which the recipient supports by a tax against his Social Security check are a benefit for which the recipient has incurred a liability or expense. The collateral source rule was properly applied to exclude those benefits from the jury's consideration of damages.
On cross-appeal plaintiff contends that the award of costs for the services of its expert witness was unreasonably low. There is no clear showing that the court abused its discretion in the cost award. Warner v. Caldwell, 354 So.2d 91 (Fla.3d DCA 1977), cert. denied, 361 So.2d 836 (Fla. 1978).
Affirmed.
SCHWARTZ, Chief Judge (specially concurring in part).
I write separately only to point out that the defendant failed to demonstrate as a factual matter that De Carlo did not contribute *1263 to the Medicare fund, as was the case in Overton v. United States, 619 F.2d 1299 (8th Cir.1980), upon which it relies. Hence, the court correctly concludes that the Medicare payments were from a true collateral source, to which the doctrine of Florida Physician's Insurance Reciprocal v. Stanley, 452 So.2d 514 (Fla. 1984), does not apply.
NOTES
[1] The plaintiffs are husband and wife. The wife's claim is derivative. The plaintiffs will be referred to in the singular.