DOWNEY, Judge.
After a jury verdict in favor of appellee, O’Dell, individually, and as Personal Representative of his wife’s estate, the trial court granted O’Dell’s motion for an additur or new trial on the wrongful death claim, and denied the motion as to O’Dell’s individual claim. From the order granting the addi-tur or motion for new trial Davis has perfected this appeal.
Elmer O’Dell and Daisy O’Dell, husband and wife, had a daughter, Doris Davis, who was married to appellant, Bill Ray Davis. Elmer and Daisy, both seventy-eight years of age, had been married for fifty-eight years and were very devoted to each other. Bill Ray Davis and Doris took the O’Dells on trips from time to time due to their advanced age and physical disabilities. On the day in question Bill and Doris were driving the O’Dells on a Father’s Day outing to a flea market when they became involved in an automobile accident with appellant Benner, injuring Elmer and killing Daisy. In due course, Elmer sued Benner and Davis individually for his injuries and as personal representative of Daisy’s estate for wrongful death. The jury returned a verdict of $25,000 for O’Dell as personal representative of the estate and $10,000 for O’Dell individually for his injuries and damages, and final judgment was entered thereon. On motion for an additur or new trial the trial court granted an additur of $75,000 or, if Davis objected thereto, a new trial. As regards O’Dell individually the court denied the motion and judgment was entered for O’Dell, individually and ultimately paid.
Davis appeals from the aforesaid order and judgment and Benner cross appeals from the order and both final judgments, presenting as the sole point on appeal the propriety of the trial court’s action in setting aside the jury award on the wrongful death claim and ordering an additur or new trial.
In ordering the additur or new trial the trial court expressly relied upon section 768.043, Florida Statutes (1985), citing various aspects of the evidence which support his determination that an additur was indicated. We have considered the evidence presented and find that it fully supports the trial judge’s conclusions, recognizing full well that the trial judge, even under this statute, is no seventh juror, Laskey v. Smith, 239 So.2d 13 (Fla.1970); Ford v. Robinson, 403 So.2d 1379 (Fla. 4th DCA 1981), nor does he have unbridled discretion in these matters. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). However, a stronger showing is required to reverse an order granting a new trial than one denying it. Staib v. Ferrari, Inc., 391 So.2d 295 (Fla. 3d DCA 1980).
In view of the record support for the trial judge’s findings no abuse of discretion has been demonstrated and the order and judgments appealed from are affirmed, both as to Bill Ray Davis and Catherine Benner.
ANSTEAD and GUNTHER, JJ., concur.