537 So.2d 1018 (1988)
Carolyn J. BALLARD, Individually and As the Personal Representative of the Estate of Catherine Ballard, Appellant,
v.
AMERICAN LAND CRUISERS, INC., a Florida Corporation and Calvin Louis Ballard, Appellees.
No. 87-2938.
District Court of Appeal of Florida, Third District.
November 22, 1988.
Rehearing Denied February 21, 1989.
*1019 Brett Rivkind; Charles R. Lipcon, Miami, for appellant.
Gaebe, Murphy & Mullen and Mark R. Antonelli and Greg Gaebe, Haddad, Josephs & Jack and David K. Markarian, Coral Gables, for appellees.
Before SCHWARTZ, C.J., BASKIN, J., and JOSEPH P. McNULTY, Associate Judge.
SCHWARTZ, Chief Judge.
Carolyn Ballard's twelve-year-old daughter and elder child Catherine[1] was killed through what the jury found[2] was the negligent operation of a van owned by American Land Cruisers, Inc., and driven by Catherine's father and Carolyn's ex-husband, Calvin Ballard. Quite obviously because defense counsel artfully injected the irrelevant and highly prejudicial and inflammatory issues of the harm caused to Mr. Ballard by the accident, both out of guilt and his own loss,[3] the jury returned a verdict of only $50,000  the exact amount suggested by "Mr. Ballard's counsel"[4]  in compensation for the plaintiff's mental pain *1020 and suffering caused by Catherine's death. See § 768.21(4), Fla. Stat. (1985) ("Each parent of a deceased minor child may also recover for mental pain and suffering from the date of injury.").[5] Upon a review of the entire record, we find this amount to be so shockingly inadequate that it is explainable only as the result of the prejudicial impact of the impertinent issue to which we have referred. Harbor Ins. Co. v. Miller, 487 So.2d 46 (Fla.3d DCA 1986), review denied, 496 So.2d 143 (Fla. 1986); Metropolitan Dade County v. Cifuentes, 473 So.2d 297 (Fla.3d DCA 1985); see Martin v. State Farm Mut. Auto. Ins. Co., 392 So.2d 11 (Fla. 5th DCA 1980). The record shows that, not knowing the extent of Catherine's injury, Ms. Ballard was called to the hospital where her daughter lay critically injured. After a harrowing experience before she eventually learned the seriousness of the situation, she was let into her child's hospital room only to see her dying before her eyes. The relationship between Ms. Ballard and Catherine, who was universally described as a fine and lovable child, was particularly close. At the time of Catherine's death, which devastated her, Ms. Ballard was 31 years of age.
The award returned by the jury for the mental pain and suffering she sustained after the child's injury but before her death, see § 768.21(4), and for the ensuing 44 years of her projected life expectancy  little more than $1,000 per year  was, in our view, so pitifully small that no reasonable person could have considered it sufficient compensation. On grounds of gross insufficiency, therefore, the judgment under review is reversed. § 768.043(2), Fla. Stat. (1985)[6]; Griffis v. Hill, 230 So.2d 143 (Fla. 1969); Steele v. Miami Transit Co., 160 Fla. 362, 34 So.2d 530 (1948); Weaver v. Wilson, 532 So.2d 67 (Fla. 1st DCA 1988); Anderson v. Chirogianis, 384 So.2d 1289 (Fla. 5th DCA 1980), writ discharged, 401 So.2d 1322 (Fla. 1981); Scott v. Andrews, 140 So.2d 128 (Fla.3d DCA 1962), dismissed, 146 So.2d 379 (Fla. 1962); see Davis v. O'Dell, 506 So.2d 1107 (Fla. 4th DCA 1987); Sutton v. Logan, 184 So.2d 662 (Fla. 1st DCA 1966); see also Johnson v. United States, 780 F.2d 902 (11th Cir.1986) (excessiveness). Upon remand, the trial judge is ordered either to grant an additur under section 768.043(1), Florida Statutes (1985), or to order a new trial on damages only at which the evidence and argument shall be confined to the issue of Ms. Ballard's damages for the mental pain and suffering she has sustained and will sustain because of the death of her child. § 768.21(4), Fla. Stat. (1985).
REVERSED.
NOTES
[1] Ms. Ballard's other child was a younger son.
[2] The defendants do not challenge this determination.
[3] In opening statement, defense counsel said:

I think based on the evidence that you hear from Calvin as opposed to what you hear from the opposition in this case, is the persuasive evidence and the evidence that you will find persuasive was that this was an unfortunate tragic accident and that nobody feels any worse about it than Calvin Ballard.
Defense counsel argued as follows in closing:
I'm not the only one here. Calvin Ballard is here and being accused for this accident. A comment was being made that Mr. Ballard  I think the comment was  he's not going to go to jail, nothing is going to happen to Calvin Ballard.
I sat here during his testimony and I think he had extreme difficulty recounting the events. I mean, he was there. Maybe it's fortunate or unfortunate I wasn't there. I don't know what was there. He was there and he has to live with that every day of his life.
* * * * * *
We're not here for punishment. Calvin Ballard knows he was driving the vehicle and he knows his daughter is dead and if you want a punishment, maybe that's enough. We're not here for punishment, we're not here to punish me or American Land Cruisers. That's not what we're here for.
* * * * * *
As to Calvin, he loved his daughter. She wouldn't even tell you, would she? She wouldn't even concede that to you. None of that had anything to do with this lawsuit. This man's loss is as great as anybody's loss in this lawsuit.
* * * * * *
I'm not asking you for sympathy and I'm not asking you to decide the case on anything other than the evidence, but the evidence is supporting Calvin.
That man needs the telegram, nobody in this courtroom has sustained as big a loss as Calvin. I don't care how many times you get innuendos and these things about him being a lousy father. They make it seem like he didn't care. That's a bunch of baloney.
[4] Even though Mr. Ballard was more than adequately covered as an additional insured under American Land Cruiser's insurance policy, it was clearly and incorrectly implied to the jury that Mr. Ballard would harshly be subject to the payment of any verdict himself, notwithstanding he had already "suffered enough" through the loss of his daughter. See Daniel v. Rogers, 72 So.2d 391 (Fla. 1954); cf. Carls Markets, Inc. v. Meyer, 69 So.2d 789 (Fla. 1953). This tactic began when, after American Land Cruisers had been named as the sole party defendant, it incorrectly moved (and the plaintiff incorrectly acceded to the motion) for the joinder of Mr. Ballard individually as an "indispensable party defendant." Contra Fincher Motor Sales, Inc. v. Lakin 156 So.2d 672, 674 (Fla.3d DCA 1963). Having accomplished this, the company then assigned separate counsel to represent American and Mr. Ballard respectively  as if their interests were actually distinct, which they were not  with "Mr. Ballard's lawyer" carrying the burden of the defense. The entire artificial scenario was designed to and obviously did accomplish the task of turning the case, properly concerned only with negligence and the mother's damages, into one preoccupied by the extraneous matters of the father-tortfeasor's individual responsibility and personal feelings. See Martin v. State Farm Mut. Auto. Ins. Co., 392 So.2d 11 (Fla. 5th DCA 1980). We need not determine whether there was independent error (or, because the plaintiff did not object below, fundamental error) in any of these stratagems, because their effect was improperly to lead to the jury's consideration of these prejudicial matters and a resulting verdict which was blatantly insufficient to compensate her for the recoverable elements of damages.
[5] This is the only element of damages now in issue since Ms. Ballard waived any other personal claim and the defendants have satisfied the judgment for the estate's claims under § 768.21(6).
[6] § 768.043(2) provides in pertinent part:

Remittitur and additur actions arising out of operation of motor vehicles. 
(2) In determining whether an award is clearly excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
(b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
* * * * * *
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.