LEHAN, Judge.
In this medical malpractice suit for damages from injuries allegedly caused to a baby by the negligence of defendant obstetrician we reverse the trial court’s order denying plaintiff’s motion for a new trial. The grounds for the motion were that there was error in the admission of testimony that the mother had engaged in alcohol and illegal drug use. That testimony involved a particular occasion of both drug and alcohol use before the mother knew she was pregnant and indicated that the mother had drunk a lot, at least on that occasion, before she had become aware of her pregnancy and had reduced her intake to only beer and less beer than before.
We agree with plaintiffs’ contention that the foregoing testimony was not properly admissible because it was not shown to be relevant. No expert testimony showed a causal relationship between the drug and alcohol use involved here and the injuries to the baby. According to the record on appeal the expert testimony offered by de *102 fendant at best showed only that drug and alcohol use by an expectant mother could cause injuries of the type claimed here. In fact, one of those experts testified that, “I know the issues have been raised that there were a variety of drugs and alcohol used during pregnancy. But this is very difficult, and I don’t know how to relate those.” That expert continued, “There is no question that some women who take a lot of drugs, especially heroin, have very growth-retarded babies. But I don’t see any evidence in this case that this is an issue. And the drugs that were mentioned ..., I’m not sure what relationship they have to the growth retardation. They may have no relationship.” See Gooding v. University Hospital Building, Inc., 445 So.2d 1015, 1018 (Fla.1984) (in medical malpractice cases the standard for causation is “more likely than not.”).
We disagree with defendant’s contention that plaintiff failed to preserve the foregoing contention for appeal because, while plaintiff filed a pretrial motion in limine in that regard, which was denied, plaintiff did not object to the testimony at trial. Before trial, the trial court's ruling on the pretrial motion had been reserved. During trial before the above referenced testimony concerning drug and alcohol use was offered, the motion was reargued and denied and was therefore sufficient to preserve the issue for appellate review. See Fincke v. Peeples, 476 So.2d 1319 (Fla. 4th DCA 1985); Holmes v. Mernah, 427 So.2d 378 (Fla. 4th DCA 1983). See also Florida Power Corp. v. Barron, 481 So.2d 1309 (Fla. 2d DCA 1986).
We also disagree with defendant’s contention that the “two issue rule” precludes reversal even if there had been error concerning the admission of the above referenced testimony. Generally under that rule, a general verdict for defendant will be upheld notwithstanding error concerning the admission of evidence concerning one theory of liability if the jury could have found for defendant under another theory. Defendant’s argument is that the two issue rule applies not only to multiple theories of liability but also, as here, to multiple elements in a single theory of liability, such elements in this case being the element of causation and the element of negligence by defendant doctor. See Brown v. Sims, 538 So.2d 901 (Fla. 3d DCA 1989), review denied, 547 So.2d 635 (Fla.1989); Gonzalez v. Leon, 511 So.2d 606 (Fla. 3d DCA 1987), review denied, 523 So.2d 577 (Fla.1988). Since there was evidence of no such negligence here and there was a general verdict for defendant, the argument goes, the jury could have found for defendant on that basis. We need not decide whether the rule may properly be applied to multiple elements in a single theory of liability. We conclude that the rule is not applicable when an alternative ground for affirmance is also affected by the prejudicial evidentia-ry ruling. Brown, 538 So.2d at 907. In this case it appears clear that the evidence which we have concluded was erroneously admitted was highly prejudicial to plaintiff’s entire case. See Kane Furniture Corp. v. Miranda, 506 So.2d 1061, 1067 (Fla. 2d DCA 1987).
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, A.C.J., and PARKER, J„ concur.