615 So.2d 698 (1992)
Osvaldo PADRINO and Violeta Padrino, Appellants,
v.
Harriet G. RESNICK, Appellee.
No. 91-2358.
District Court of Appeal of Florida, Third District.
November 10, 1992.
Buckner & Shifrin and Robin S. Buckner, Miami, for appellants.
Barnett, Clark & Barnard, Miami, and Frances Fernandez Guasch, Miami Lakes, for appellee.
Before FERGUSON, JORGENSON and COPE, JJ.

CORRECTED OPINION
FERGUSON, Judge.
On the main issue presented, this case is factually indistinguishable from Ballard v. American Land Cruisers, Inc., 537 So.2d 1018 (Fla. 3d DCA 1988), rev. denied, 545 So.2d 1366 (Fla. 1989), where we held that an argument which implored the jury to consider the financial burden a verdict for the plaintiff would have on the individual defendant, where the damage award would be paid by the insurer, was blatantly prejudicial. The defense stratagem was formulated, obviously, to capitalize on a juror's improper concern and inquiry as to who would pay for any damages awarded to the plaintiffs.[1]
*699 Mr. Padrino, who was sixty-six years of age, suffered multiple fractures of both legs and one arm when his disabled vehicle was struck by the defendant's automobile on a busy expressway. There was evidence that the plaintiff was comparatively negligent in bringing his auto to a stop in a lane of moving traffic and attempting to repair the condition instead of steering the automobile off the roadway or moving away from the dangerous condition. Nevertheless, the jury verdict is contrary to the manifest weight of the evidence. Oakwood Hills Co. v. Horacio Toledo, Inc., 599 So.2d 1374 (Fla. 3d DCA 1992). Particularly, the denial of future medical benefits to Mr. Padrino and the denial of an award for future loss of consortium to Mrs. Padrino, are explainable only as an impact of the prejudicial argument.
Reversed and remanded for a new trial on all issues.
NOTES
[1] A juror submitted the following question: "What is the financial status of both parties[?] How much, if any, is or was covered by insurance[?] Was there insurance[?] In response, the court instructed the jury: "Whether or not insurance coverage exists or does not exist is not a matter for your consideration."

In closing defense counsel argued:
"This is serious stuff. And it is serious to [Resnick], because nobody mentioned that this is her golden years. Nobody mentioned that this is her retirement. Nobody mentioned she worked all her life to be able to retire. And nobody mentioned what this kind of money would do to her, nobody mentioned that."