613 So.2d 126 (1993)
PUBLIC HEALTH TRUST OF DADE COUNTY, d/b/a Jackson Memorial Hospital, a Public Body Corporate and Politic, Appellant,
v.
Freddie Mae GETER, as Personal Representative of the Estate of Fredericka Geter, Deceased, Appellee.
Freddie Mae GETER, as Personal Representative of the Estate of Fredericka Geter, Deceased, Appellant,
v.
The University of Miami, a Florida Corporation, Appellee.
Nos. 92-161, 92-184.
District Court of Appeal of Florida, Third District.
February 2, 1993.
Robert A. Ginsberg, Dade County Atty., and James J. Allen, Asst. County Atty., for Public Health Trust of Dade County.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, Miami, for The University of Miami.
Perse & Ginsberg, Arnold R. Ginsberg and Richard B. Burke, Miami, for Freddie Mae Geter.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendant Public Health Trust of Dade County from a final judgment entered upon an adverse jury verdict in a medical malpractice action. This is also an appeal by the plaintiff, Freddie Mae Geter, as Personal Representative of the Estate of Fredericka Geter, from an adverse final judgment entered on a directed verdict for the defendant University of Miami in the same action.
As to the latter appeal, we have no trouble in concluding that a directed verdict was properly entered for the defendant University of Miami. The plaintiff introduced no evidence at trial from which the jury could reasonably conclude that Dr. Saunders was working as an agent or employee for the defendant University of Miami at the time of the claimed malpractice, and therefore the defendant University of Miami could not, as urged, be held vicariously liable in this case on a respondeat superior basis. Based on the undisputed testimony offered by the plaintiff, Dr. Saunders was acting solely in his capacity as an employee of the defendant Public *127 Health Trust in providing the complainedof medical services to the plaintiff's decedent. See Bryant v. Duval County Hosp. Auth., 459 So.2d 1154 (Fla. 1st DCA 1984); Maguire v. American Family Life Assur. Co., 442 So.2d 321 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 849 (Fla. 1984); Jones v. City of Hialeah, 368 So.2d 398 (Fla. 3d DCA), cert. denied, 378 So.2d 346 (Fla. 1979).
As to the former appeal, we reverse and remand for a new trial on the issue of damages only. We conclude that the comments by plaintiff's counsel during final argument to the jury to the effect that the jury, in awarding damages, should place a monetary value on the life of the plaintiff's decedent, just as a monetary value is placed on an eighteen million dollar Boeing 747 or an eight million dollar SCUD missile  was improper, highly inflammatory, and deprived the defendant Public Health Trust of a fair trial on the issue of damages. Accordingly, the trial court erred in failing to grant, in part, the defendant's motions for mistrial and new trial made below based on the above grounds. Russell, Inc. v. Trento, 445 So.2d 390, 392 (Fla. 3d DCA 1984); Seshadri v. Morales, 412 So.2d 39 (Fla. 3d DCA 1982); Martin v. State Farm Mut. Auto. Ins. Co., 392 So.2d 11, 12-13 (Fla. 5th DCA 1980).
We find no merit in the balance of the points on appeal raised by the defendant Public Health Trust. Accordingly, (1) the final judgment entered in favor of the University of Miami is affirmed, and (2) the final judgment entered against the defendant Public Health Trust is reversed, and the cause is remanded to the trial court for a new trial on the issue of damages only.
Affirmed in part; reversed in part.