630 So.2d 205 (1993)
Timothy PORTER, Appellant/Cross-Appellee,
v.
VISTA BUILDING MAINTENANCE SERVICES, INC., Appellee/Cross-Appellant.
No. 92-1914.
District Court of Appeal of Florida, Third District.
December 14, 1993.
Rehearing Denied February 15, 1994.
*206 David Stone, for appellant/cross-appellee.
Richard A. Sherman and Rosemary B. Wilder, Ft. Lauderdale; Alan L. Landsberg and Carol Riordan Seiderman, Hollywood, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
PER CURIAM.
The denial of the plaintiff's pretrial motion for an order prohibiting the defendant from injecting evidence of the plaintiff's previous abuse of alcohol into the slip-and-fall trial was erroneous. Where, as here, it was undisputed that the plaintiff was sober at the time of the incident, the probative value of such evidence, if any, was substantially outweighed by the danger of unfair prejudicial effect. § 90.403, Fla. Stat. (1991); Riggins v. Mariner Boat Works, Inc., 545 So.2d 430 (Fla. 2d DCA 1989); Locke v. Brown, 194 So.2d 45 (Fla. 2d DCA 1967).
The trial court's erroneous pretrial ruling admitting evidence of the plaintiff's alcoholism caused his attorney to mention it during opening argument, in an effort to diffuse its impact. On cross-examination of the plaintiff, defense counsel reminded the jury that Porter was an alcoholic who had "slipped and fallen off the wagon every year." Nonetheless, plaintiff's counsel's attempt to diminish the prejudicial impact of the damaging evidence did not, contrary to appellee's contentions, waive the error, or render the error harmless. A party cannot be penalized for his good-faith reliance on a trial court's incorrect ruling. See John Hancock Mut. Life Ins. Co. v. Zalay, 522 So.2d 944 (Fla. 2d DCA 1988) (where evidentiary ruling is subsequently found to be erroneous, litigant must be granted an opportunity to present his case under correct ruling).
The amount of damages awarded to the plaintiff clearly reflects that the jury was influenced by the alcoholism-related evidence. See Ballard v. American Land Cruisers, Inc., 537 So.2d 1018 (Fla. 3d DCA 1988) (low damage award explainable only as a result of impact of prejudicial argument), rev. denied, 545 So.2d 1366 (Fla. 1989).
Reversed and remanded for a new trial on all issues.
SCHWARTZ, C.J., and FERGUSON, J., concur.
BARKDULL, Judge, dissenting.
I respectfully dissent upon the reasoning found in the following authorities. Rindfleisch v. Carnival Cruise Lines, Inc., 498 So.2d 488 (Fla. 3d DCA 1986); Fredericson v. Levinson, 495 So.2d 842 (Fla. 3d DCA 1986); O'Brien v. Ortiz, 467 So.2d 1056 (Fla. 3d DCA 1985).