718 So.2d 881 (1998)
Robert EDWARDS, Appellant,
v.
ORKIN EXTERMINATING CO., INC., Appellee.
No. 97-2159.
District Court of Appeal of Florida, Third District.
September 9, 1998.
Rehearing Denied October 21, 1998.
*882 Poses & Halpern, P.A.; Cooper & Wolfe, P.A., Maureen E. Lefebvre and Sharon L. Wolfe, Miami, for appellant.
Decker & Hallman, W. Winston Briggs and Richard P. Decker, Atlanta, GA, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
Robert Edwards ("Edwards") appeals from the trial court's order granting Orkin Exterminating Company's (Orkin) post-trial motion for directed verdict. For the following reasons we reverse.
McArthur Dairy ("McArthur") had its warehouse treated at least once a month with pesticides by Orkin. In addition to Orkin's treatment, McArthur conducted its own daily pesticide spraying of the same warehouse at the direction of McArthur's plant manager. Orkin was aware of the additional spraying.
In the summer of 1989, Edwards was a temporary employee of McArthur and was exposed to the high level of pesticides and pesticide residue at the warehouse. He developed an allergic reaction that was initially merely topical, but later became internalized because of its severity. He suffered from severe skin itching and pain; became very depressed; and was unable to sleep. His physical condition deteriorated and he attempted suicide. Edwards was unable to *883 work between 1989 and 1996 due to his condition.
Edwards sued Orkin, McArthur, and the pesticide manufacturer for negligence, alleging that Orkin had failed to warn McArthur regarding the dangers of the additional spraying of the pesticides which caused Edwards' injuries.[1] The jury found that Orkin was negligent and that Orkin's negligence had caused Edwards' damages. The jury assessed 50% negligence against Orkin and 50% negligence against McArthur. It awarded Edwards $40,000 in past lost earnings, $40,000 in past hospital and medical expense, $5,000 in past non-economic damages, and no future damages.
The trial court erred in granting Orkin's post-trial motion for directed verdict. The record reflects that there was competent evidence presented at trial to support the jury verdict in favor of Edwards. See Helman v. Seaboard Coast Line R.R. Co., 349 So.2d 1187, 1189 (Fla.1977)(holding that the verdict must be sustained if there is any competent evidence to support the verdict); see also Espino v. Anez, 665 So.2d 1080, 1081 (Fla. 3d DCA 1995).
The record supports the jury's weighing of evidence and credibility determinations. Thus, despite the judge's disagreement with the jury's verdict, "the trial judge does not sit as a seventh juror with veto power." Laskey v. Smith, 239 So.2d 13, 14 (Fla.1970); see also Perry v. Red Wing Shoe Co., 597 So.2d 821, 822 (Fla. 3d DCA 1992).
The power to direct a verdict should be cautiously exercised, and a motion for a directed verdict should never be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the latter party be sustained.
Burch v. Strange, 126 So.2d 898, 901 (Fla. 1st DCA 1961).
Edwards is entitled to a new trial on damages because the trial court admitted evidence that Edwards failed to pay child support and it allowed Orkin to insinuate that Edwards, when he was in his early 20's, had a history of alcohol and drug use. The only purpose of this evidence was to prejudice the jury against Edwards, as it had no probative value. See Canales v. Compania De Vapores Realma, S.A., 564 So.2d 1212, 1214 (Fla. 3d DCA 1990); Browning v. Lewis, 582 So.2d 101, 102 (Fla. 2d DCA 1991).
These issues arose in relation to Edwards' damages. Edwards claimed that his suicide attempt resulted from his serious skin injuries which caused depression, lack of sleep, and decreased energy. Orkin claimed that Edwards was not depressed because of his injuries, but because he had not seen his daughter due to his failure to pay child support. Though Edwards' failure to see his daughter may have been relevant, the reason whyEdwards' failure to pay child supportwas not relevant evidence as it did not tend to prove depression and was a highly prejudicial characterization of Edwards. See Parkansky v. Old Key Largo, Inc., 546 So.2d 1143, 1144-45 (Fla. 3d DCA 1989).
Furthermore, the insinuation that was made during the cross-examination by Edwards' psychiatric expert that Edwards was an alcoholic and a drug user, was improper and highly prejudicial. The trial judge allowed the expert to be questioned about hypothetical stressors which could have contributed to a suicidal depression. The judge noted that these hypothetical questions should relate to the case.
However, there was no evidence in this case to support these hypothetical questions regarding alcohol and drugs. The court had ruled, prior to trial, that Edwards' misdemeanor convictions for possession of marijuana in the 1970s, and his participation in a program for alcoholics when he was 22, were inadmissable because they were too remote to be probative of any issue related to Edwards' 1989 suicide attempt. Thus, the questions insinuating Edwards' history of alcohol and drug use could only have been raised to prejudice Edwards. See Le Fevre v. Bear, 113 So.2d 390, 392 (Fla. 2d DCA 1959)("Such evidence could have no effect other than to open the minds of the jurors to improper *884 speculative excursions outside the issues developed by the pleadings and proofs."); see also Del Monte Banana Co. v. Chacon, 466 So.2d 1167, 1171 (Fla. 3d DCA 1985).
The damages award reflects that the jury was improperly prejudiced against Edwards because of the irrelevant and inadmissable evidence that Orkin introduced. See Porter v. Vista Bldg. Maintenance Servs., Inc., 630 So.2d 205, 206 (Fla. 3d DCA 1993), review denied, 640 So.2d 1109 (Fla. 1994); Padrino v. Resnick, 615 So.2d 698, 699 (Fla. 3d DCA 1992); Ballard v. American Land Cruisers, Inc., 537 So.2d 1018, 1020 (Fla. 3d DCA 1988), review denied, 545 So.2d 1366 (Fla.1989). Thus, we remand this case for a new trial on the issue of damages.
We reverse the directed verdict; remand to the trial court with directions to reinstate the jury's verdict as to liability; and direct the trial court to conduct a new trial solely on the issue of damages.
NOTES
[1] This appeal concerns only Orkin.