PER CURIAM.
Adam Reiver, the defendant below in a rear-end automobile collision case, appeals from an order granting a motion for directed verdict, and following submission of the cause to the jury, entry of judgment notwithstanding that jury’s verdict. For the reasons that follow, we reverse.
The jury reasonably concluded that the evidence and testimony rebutted the presumption of negligence “that attaches to the rear driver in a rear-end collision ... in cases where the lead driver sues the rear driver.” Clampitt v. D.J. Spencer Sales, 786 So.2d 570, 572 (Fla.2001). In setting aside that verdict, the court impermissibly acted as “a seventh juror with veto power.” See Edwards v. Orkin Exterminating Co., 718 So.2d 881, 883 (Fla. 3d DCA 1998) (citations omitted).
*414 Reversed and remanded with directions to reinstate the jury verdict.